UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| ERIN LIVESAY, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 4:22-CV-19-TLS-JEM |
| | ) | |
| NATIONAL CREDIT SYSTEMS, INC., | ) | |
|     Defendant, | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Strike Answer and Affirmative Defenses [DE 13], filed by Plaintiff on April 4, 2022. Plaintiff requests that the Court strike Defendant's answer and affirmative defenses as insufficient or, alternatively, to strike challenged portions thereof. Defendant filed a response on April 18, 2022, and Plaintiff filed a reply on April 20, 2022.

**I.     Standard of Review**

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored, but when striking portions of a pleading "remove[s] unnecessary clutter from the case," the motion may "serve to expedite, not delay." *Heller Fin. Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Affirmative defenses that "present substantial questions of law or fact" will not be stricken. *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975). Accordingly, motions to strike affirmative defenses "will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991). However, because affirmative defenses are pleadings, they must

meet all pleading requirements of the Federal Rules of Civil Procedure, including "set[ting] forth a 'short and plain statement' of the defense." *Heller*, 883 F.2d at 1294 (quoting Fed. R. Civ. P. 8(a)). "[B]are bones conclusory allegations" which "omit[] any short and plain statement of facts and fail[] totally to allege the necessary elements of the alleged claims" will not meet this standard and may be stricken. *Id.* at 1295. Ultimately, whether to strike material under Rule 12(f) is within the sound discretion of the court. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

**II. Analysis**

Plaintiff's Complaint alleges damages caused by Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*. and the Fair Credit Reporting Act (FCRA), 15 U.S.C.§ 1681 *et seq*. In the instant Motion, Plaintiff argues that the Court should strike Defendant's Answer because various paragraphs are evasive or serve to delay, and to strike Defendant's Affirmative Defenses as insufficient as a matter of law.

A. <u>Answer</u>

Federal Rule of Civil Procedure 8(b), titled "Defenses; Admissions and Denials," provides:

> **(1)** *In General.* In responding to a pleading, a party must:
>
> > **(A)** state in short and plain terms its defenses to each claim asserted against it; and
> > **(B)** admit or deny the allegations asserted against it by an opposing party.
>
> **(2)** *Denials--Responding to the Substance.* A denial must fairly respond to the substance of the allegation.
>
> **(3)** *General and Specific Denials.* A party that intends in good faith to deny all the allegations of a pleading--including the jurisdictional grounds--may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.

> **(4)** *Denying Part of an Allegation*. A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest.
>
> (**5**) *Lacking Knowledge or Information.* A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial.
>
> **(6)** *Effect of Failing to Deny.* An allegation--other than one relating to the amount of damages--is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.

Fed. R. Civ. P. 8(b).

Plaintiff argues that Defendant's Answer offers evasive, vague, or impermissible qualified denials that do not comply with Rule 8. The Court considers each of Plaintiff's arguments in turn.

    *i.*   *Paragraphs 4, 15, 21, 22, 26, 57-58 and 69*

Plaintiff argues that Defendant's answers to Paragraphs 4, 15, 21, 22, 26, 57-58, and 69 are evasive in that Defendant does not respond to the allegations asserting that they are conclusions of law. In its answers to Paragraphs 4, 15, 21, 22, 26, and 69, Defendant states either as its entire answer or as part of its answer that the paragraphs contain conclusions of law and on that basis the allegations are denied, and "refers all questions of law to this Honorable Court." Its answers to Paragraphs 57 or 58 contain denials based on a lack of information.

Refusing to answer an allegation because it calls for a legal conclusion is improper. *See Valley Forge Insurance Company v. Hartford Iron & Metal, Inc.*, 2017 WL 1101096 at *3 (N.D. Ind. March 21, 2017). A party must either admit, deny, or state that it lacks sufficient information to form a belief as to the truth of the allegation. Fed. R. Civ. P. 8(b). However, Defendant's answers to these paragraphs do contain denials along with the impermissible qualified language. Therefore, the Court denies the Motion to Strike the answers to Paragraphs 4, 15, 21, 22, 26, 57, 58, and 69.

3

Plaintiff will have an opportunity to flesh out the particularities of the bases for these answers through discovery.

    ii.  *Paragraphs 5, 8, 78, 79, 85, 87, 89, 90, 96, 98-102, 105, 106, 110-115, 117 and 118*

Plaintiff argues that Defendant's answers to Paragraphs 5, 8, 78, 79, 85, 87, 89, 90, 96, 97-103, 105, 106, 110-115, 117 and 118 are evasive because they contain impermissible qualified language. Defendant uses the phrase "to the extent that" in its answers to Paragraphs 5 and 8, the phrase "in the manner and form asserted" in its answers to Paragraphs 89, 90, 117 and 118, the phrase "from time to time" in its answers to Paragraphs 78, 79, 85, 87, 96, 97, 103, 105 and 106, and the phrase "as form is generally understood" in its answers to Paragraphs 98-102. Plaintiff argues that each of those phrases constitutes impermissible evasive qualified language. Defendant answers that its responses are phrased in this manner because Plaintiff's complaint lacks specificity and clarity.

Because words or phrases which qualify responses in a way which makes the answers evasive are improper, the striking of those words can be appropriate. *See Valley Forge*, 2017 WL 1101096 at *3.

Defendant's use of the phrase "to the extent" in its answers to Paragraphs 5 and 8 may well be a "telltale tipoff that [the party] has failed to comply with the notice pleading requirements that the federal system imposes on defendants as well as plaintiff," *Trs. Of Auto. Mech. Local No. 701 Pension & Welfare Funds v. Union Bank of Cal., N.A.*, 2009 U.S. Dist. LEXIS 111995, 2009 WL 4668580, at *1 (N.D. Ill. Dec. 2, 2009), but it can be cured by striking the phrase "to the extent that this Honorable Court requests a response."

Defendant's use of the phrase "in the manner and form asserted" in its answers to Paragraphs 89, 90, and 117[1] is likewise a qualified answer. As such it is improper. However, as with the phrase "to the extent" in this instance, any concerns can be remedied by deleting the phrase from those answers.

Defendant's use of the phrase "as form is generally understood" in its answers to Paragraphs 98-102 is non-responsive to the allegations set forth in those paragraphs as the paragraphs do not refer to forms. Defendant's answers to Paragraphs 98-102 are therefore stricken.

Defendant's use of the phrase "from time to time" in its answers to Paragraphs 78, 79, 85, 87, 96, 97, 103, 105, 106 and 118 constitutes a partial denial and a partial admission of the allegations of those Paragraphs. "A party that intends in good faith to deny only part of an allegations must admit the part that is true and deny the rest." Fed. R. Civ. P. 8(b)(4). The phrase "from time to time," without defining what time may be relevant for the allegations at issue does not comply with this standard. Those answers must re-plead.

Plaintiff argues that Defendant's statement that "the term 'net worth' is vague and ambiguous" in its answer to Paragraphs 110-115 is improper because that phrase has been defined by the Seventh Circuit Court of Appeals. Defendant fails to respond to this argument directly. Defendant's answers to Paragraphs 110-115 must be re-plead.

B.  Affirmative Defenses

Affirmative defenses are stricken "only when they are insufficient on the face of the pleadings." *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (citing *Heller*, 883 F.2d at 1294) ("Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact."). "A defense is an affirmative defense if it is specifically

---

[1] Despite Plaintiff's argument that this phrase is contained in the answer to Paragraph 118, it is not.

enumerated in Fed. R. Civ. P. 8(c), if the defendant bears the burden of proof, or if the defense does not require controverting the plaintiff's proof." *Perez v. PBI Bank, Inc.*, No. 1:14-CV-1429, 2015 WL 500874, at *5 (S.D. Ind. Feb. 4, 2015) (citing *Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 872 (7th Cir. 2012)). "Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure" and "must set forth a 'short and plain statement' of the defense." *Heller*, 883 F.2d at 1294 (quoting Fed. R. Civ. P. 8(a)).[2] The *Heller* court found several defenses meritless because they were "nothing but bare bones conclusory allegations," noting that the defendant "omitted any short and plain statement of facts and failed totally to allege the necessary elements of the alleged claims." *Id.* at 1295.

Plaintiff asks the Court to strike all of Defendant's Affirmative Defenses. The Court addresses each argument in turn.

   i. *Affirmative Defense 1*

Affirmative Defense 1 provides: "Plaintiff has failed to plead a claim upon which relief may be granted." Plaintiff asks the Court to strike Affirmative Defense 1 on the basis that failure to state a claim is not an affirmative defense. Defendant does not respond to this specific argument but argues that affirmative defenses are not subject to any heightened pleading standards under *Iqbal* or *Twombly*.

A failure to state a claim is not an affirmative defense. *Fletcher v. Hoeppner Wagner & Evans, LLP*, Cause No. 2:14-CV-231-RL-PRC, 2015 U.S. Dist. LEXIS 153057 at *12 (N.D. Ind. November 12, 2015); *see also Mandel Metals, Inc. v. Walker Group Holdings*, 2015 WL 3962005, at *10 (N.D. Ill. June 26, 2015) (citing *Ill Wholesale Cash Register, Inc. v. PCG Trading, LLC*,

---

[2] Notably, the Court in *Heller* does not include the requirement in 8(a)(2) of "showing that the pleader is entitled to relief." *See Heller Fin. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989); Fed. R. Civ. P. 8(a)(2).

6

2009 WL 1515290, at *2 (N.D. Ill. May 27, 2009); *AEL Fin. LLC v. City Auto Parts of Durham, Inc.*, 2009 WL 2778078, at *13 (N.D. Ill. Aug. 31, 2009)). Failure to state a claim, although a defense, is not an "affirmative defense" because it does not assume that the allegations of the Complaint are true and then provide a separate reason why the defendant is not liable. Accordingly, the Court strikes Affirmative Defense 1.

   ii. *Affirmative Defenses 2, 5 10, and 14*

Affirmative Defense 2 provides: "Plaintiff has failed to show any violation of the law, and, therefore, is not entitled to attorneys' fees or costs." Affirmative Defense 5 provides, "Plaintiff have [sic] not plead any facts demonstrating that the alleged account at issue was a consumer debt beyond mere conclusory statements." Affirmative Defense 10 states, "Plaintiff has failed to allege any fact that would support a claim for actual damages." Affirmative Defense 14 states, "Plaintiff's claims against NCS are barred in whole or in part, by the fact Plaintiff has no actual damages attributable to NCS." Plaintiff asks the Court to strike Affirmative Defenses 2, 5, 10 and 14 on the basis that these are not affirmative defenses as they do not defeat liability assuming Plaintiff's facts are true. Defendant does not respond to this specific argument but argues that affirmative defenses are not subject to any heightened pleading standards under *Iqbal* or *Twombly*.

These are not affirmative defenses because they do not assume that the allegations of the Complaint are true and then provide a separate reason why Defendant is not liable. *See Droz v Droz*, Cause No.: 2-16-CV-267-RL-JEM, 2018 WL 3301841 at *1 (N.D. Ind., July 5, 2018)("An affirmative defense is one that defeats liability for all or some of a plaintiff's claims even if the plaintiff can prove all the elements of those claims."); *see also Defense, affirmative,* Black's Law Dictionary (8th ed. 1999) ("An affirmative defense asserts 'facts and arguments which, if true, will

7

defeat the Plaintiff's . . . claim, *even if all the allegations in the complaint are true.*'"(emphasis added)). Affirmative Defenses 2, 5, 10 and 14 will be stricken.

 *iii. Affirmative Defense 3*

  Affirmative Defense 3 provides "The Complaint, and each and every cause of action stated therein, is barred to the extent that such claims would impose duties, obligations or liabilities on Defendant that are inconstant with or preempted by the FCRA." Plaintiff asks the Court to strike Affirmative Defense 3 on the basis that it presents only "bare bones" allegations. Defendant argues that affirmative defenses are not subject to any heightened pleading standards under *Iqbal* or *Twombly* and that reading its denials set forth within its answer provides the factual basis for its affirmative defenses.

  An affirmative defense need not satisfy *Twombly* and *Iqbal*'s plausibility standard, but the affirmative defense must still contain a "short and plain statement" of the defense itself. *Heller*, 883 F.2d at 1294. Affirmative defenses must be stricken if they contain "nothing but bare bones conclusory allegations" without "*any* short and plain statement of facts." *Id*. at 1295 (emphasis added). In essence, an affirmative defense must "be adequately pled to put a plaintiff on notice of the defense." *Cottle v Falcon Holdings Management, LLC*, 2012 U.S. Dist. LEXIS 10478 at *12 2012 WL 266968 (N.D. Ind. Jan. 30, 2012); *Design Basics, LLC v. Windsor Homes, Inc.*, No. 16-51, 2016 U.S. Dist. LEXIS 91910, *8 (N.D. Ind. July 14, 2016) (denying motion to strike affirmative defenses because the affirmative defenses were stated "in short and plain terms" and "sufficiently put [the plaintiff] on notice of the affirmative defenses"); *accord Bielfeldt v. Bourazak*, No. 15-1419, 2016 U.S. Dist. LEXIS 46986, *6 (C.D. Ill. Apr. 7, 2016) ("Federal Rule of Civil Procedure 8 requires for affirmative defenses, at a minimum, fair notice of a party's defense."). Defendant has plead no facts in support of affirmative defense 3. Therefore, the Court strikes

Affirmative Defense 3.

    iv. *Affirmative Defense 4*

Affirmative Defense 4 provides: "NCS is not liable to Plaintiff because any alleged violation, if true, was either unintentional or the result of a bona fide error despite the maintenance of procedures reasonably adapted to avoid any such violation or error. See 15 U.S.C. § 1692k." Plaintiff argues that allegations of mistake in Affirmative Defense 4 are subject to a heightened pleading standard pursuant to Federal Rule of Civil Procedure 9(b). Defendant argues that affirmative defenses are not subject to any heightened pleading standards under *Iqbal* or *Twombly* and does not respond directly to this heightened pleading argument in regard to Affirmative Defense 4. Defendant further argues that reading its denials set forth within its answer provides the factual basis for its affirmative defenses.

Federal Rule of Civil Procedure 9(b) provides that when pleading mistake, "a party must state with particularity the circumstances constituting [] mistake." Fed. R. Civ. P 9(b). "Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure." *Heller*, 883 F.2d at 1294. Affirmative Defense 4 does not set forth any facts in support of the bare bones statement. Affirmative Defense 4 will be stricken.

  v. *Affirmative Defenses 6 and 16*

Both Affirmative Defenses 6 and 16 assert that Plaintiff's Complaint is barred by the applicable statute of limitations. To the extent that they are repetitive, the duplicative affirmative defense 16 will be stricken on that basis. Plaintiff argues that both affirmative defenses fail to include a "short and plain statement" of facts setting forth the basis for any defense. Defendant argues that affirmative defenses are not subject to any heightened pleading standards under *Iqbal* or *Twombly* and that reading its denials set forth within its answer provides the factual basis for its affirmative defenses.

As set forth above, an affirmative defense need not satisfy *Twombly* and *Iqbal*'s plausibility standard, but the affirmative defense must still contain a "short and plain statement" of the defense itself. *Heller*, 883 F.2d at 1294.

Nowhere in Defendant's pleading does it specify what the applicable statute of limitations was, the time limits, or any other facts. Therefore, Affirmative Defenses number 6 and 16 are stricken.

  vi. *Affirmative Defenses 7, 8, 9, and 15*

Defenses 7, 8, 9, and 15 each rests on some alleged act or omission on the part of Plaintiff: that she "has failed to meet all conditions precedent," that she "has unclean hands" and her "inequitable conduct" bars relief, any "violation of the law or damage suffered by Plaintiff, which NCS denies, was due to the affirmative actions and/or omissions of Plaintiff or others," and claims are barred "by Plaintiff's failure to mitigate and the equitable doctrine of laches." Plaintiff argues that these are nothing but bare bones, conclusory allegations. Defendant argues that affirmative defenses are not subject to any heightened pleading standards under *Iqbal* or *Twombly* and that reading its denials set forth within its answer provides the factual basis for its affirmative defenses.

Federal Rule of Civil Procedure 8(c) requires that the party responding to a complaint state the affirmative defenses that it intends to raise. *See* Fed. R. Civ. P. 8(c). However, Rule 8 also requires that in addition to merely stating the affirmative defense, the party raising it must meet the pleading requirements of the Federal Rules of Civil Procedure, including "set[ting] forth a 'short and plain statement' of the defense . . . alleg[ing] the necessary elements of the alleged claims." *Heller,* 883 F.2d at 1294 (quoting Fed. R. Civ. P. 8(a)).

As noted above, this Court declines to apply the "plausibility" standard of *Iqbal* and *Twombly* to affirmative defenses. *Fletcher v. Hoeppner Wagner & Evans, LLP*, No. 14-231, 2015 U.S. Dist. LEXIS 153057, *19 (N.D. Ind. Nov. 12, 2015) ("[T]he Court declines to apply to affirmative defenses the plausibility standard applied in *Iqbal* and *Twombly"*); *Husainy*, 2016 U.S. Dist. LEXIS 54073 at *2 ("This Court continues to agree with those cases declining to apply . . . *Iqbal* and *Twombly* to affirmative defenses.").

Nowhere in Defendant's pleading does it specify any act or omission on the part of Plaintiff, providing Plaintiff with no notice of what conditions precedent she may have failed to complete, how she may have unclean hands, what her purportedly inequitable conduct was, what her affirmative actions may have been, who any third parties may have been, any failure to mitigate damages or any of the elements of laches. Additionally, for the defense of laches, there are certain requisite elements. Laches is an affirmative defense that has three elements: "(1) inexcusable delay in asserting a known right; (2) an implied waiver arising from knowing acquiescence in existing conditions; and (3) a change in circumstances causing prejudice to the adverse party." *Eli Lilly & Co. v. Arch Ins. Co.*, No. 1:13-CV-1770, 2015 WL 5287140, at *5 (S.D. Ind. Sept. 9, 2015) (citing *In re the Paternity of R.M.*, 939 N.E.2d 1114, 1120 (Ind. Ct. App. 2010) (citing *SMDfund, Inc. v. Fort Wayne-Allen Cnty. Airport Auth.*, 831 N.E.2d 725, 729 (Ind. 2005))).

Therefore, the Court finds that Affirmative Defenses 7, 8, 9, and 15 must be stricken because they lack factual statements and do not include the necessary elements to support the allegations.

*vii. Affirmative Defenses 11, 12, and 13*

Affirmative Defense 11 states: "Plaintiff's claims are barred to the extent that NCS acted in good faith in conformity with and in reliance upon administrative regulations, order, rulings, interpretations, practices or enforcement policies." Affirmative Defense 12 provides "Plaintiffs' [sic] claims, as plead, may be preempted in whole or in part." Affirmative Defense 13 provides "Plaintiff may not have a private cause of action to bring suit against NCS." Plaintiff argues that each of these Affirmative Defenses are insufficiently plead. Defendant argues that affirmative defenses are not subject to any heightened pleading standards under *Iqbal* or *Twombly* and that reading its denials set forth within its answer provides the factual basis for its affirmative defenses.

Nowhere in Defendant's affirmative defenses does it specify any rule, regulation, ruling which might have excused its actions. Nowhere in its affirmative defenses does it set forth what facts would defeat a private cause of action or the factual or legal basis for a claim of preemption.

Therefore, the Court finds that Affirmative Defenses 11, 12, and 13 must be stricken because they lack factual support or appropriate references to the legal basis for such defense,

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS in part and DENIES in part** the Motion to Strike Answer and Affirmative Defenses [DE 13].

The Court **STRIKES** Defendant's Answer as follows:

1. The phrase "to the extent that this Honorable Court requests a response" in the answers to Paragraphs 5 and 8;

    2.    The phrase "in the manner and form asserted" in the answers to Paragraphs 89, 90, and 117; and

    3.    The answers to Paragraphs 78, 79, 85, 87, 96, 97, 98-102, 103, 105, and 110-115 of the Complaint.

The Court **GRANTS** Defendant leave to file an Amended Answer solely for the purpose of amending its answers to Paragraphs 78, 79, 85, 87, 96, 97, 98-102, 103, 105, and 110-115 to either admit, deny, admit in part or deny in part, or state that Defendant lacks knowledge or information sufficient to form a belief about the truth of an allegation, as required by Rule 8(b)(1)(B), (b)(2), (b)(4), and (b)(5).

The Court **STRIKES** Defendant's Affirmative Defenses. The Court grants Defendant leave to file amended Affirmative Defenses solely for the purpose of amending affirmative defenses 3, 4, 6 (or 16, but not both), 7, 8, 9, 11, 12, 13, and 15 to set forth defenses which defeat liability for all or some of plaintiff's claims even if plaintiff can prove all of the elements of those claims, with short and plain statements of fact supporting said defenses, as required by Rule 8(b).

The deadline for Defendant to file the Amended Answer is **May 20, 2022**.

SO ORDERED this 25th day of April, 2022.

                            s/ John E. Martin
                            MAGISTRATE JUDGE JOHN E. MARTIN
                            UNITED STATES DISTRICT COURT

cc:    All counsel of record