## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## LAFAYETTE DIVISION

| | | |
|---|---|---|
| Erin Livesay, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| | : | 4:22-cv-19-TLS-JEM |
| National Credit Systems, Inc., | : | |
| Defendant. | : | |

**PLAINTIFF'S MOTION TO STRIKE AMENDED ANSWER**

Plaintiff moves to strike challenged portions (¶7, 11, 58, 78, 79, 82 & 85) of the Amended Answer filed by National Credit Systems, Inc. ("NCS") on May 20. [ECF 20].

1. NCS's Amended Answer contains multiple insufficient responses. Plaintiff addresses only some of the basic deficiencies that run afoul Rule 8.

2. NCS's responses continue its evasion of matters that should not be disputed.

<u>Paragraphs 7 & 11</u>

3. For a claim arising out of 15 U.S.C. § 1681s-2(b), a plaintiff must show a defendant's credit obligations were triggered by receiving notice of a dispute **from a credit reporting agency** regarding a plaintiff's credit information which is provided by a furnisher defendant **to such credit reporting agency**. See 15 U.S.C. § 1681s-2(b).[1] 15 U.S.C. § 1681i(a)(2).[2]

---

[1] After receiving notice pursuant to section 611(a)(2) [15 USCS § 1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall [perform various tasks].

[2] Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), **the agency shall provide notification of the dispute to any person who provided any item of information in dispute**, at the address and in the manner established with the person. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

4. In order to show these two items, Plaintiff made simple allegations, including that "NCS furnished information to CRAs *regarding Erin Livesay*" (¶7) and that "NCS received an Automated Credit Dispute Verification (ACDV) [3] *from Equifax, Experian and Trans Union* related to the Account." (¶11).

5. In response, NCS only admits that "it has furnished data to credit bureaus" (¶7) and that NCS admits "having received disputes regarding this account" (¶11).

6. These responses are evasive because they fail to address critical portions of the allegations identifying that the credit information was regarding Plaintiff and that notice was received from Equifax, Experian and Trans Union.[4]

### Paragraph 58

7. NCS' continued evasion is shown when it claims an answer is premised on a determination that has nothing to do with the allegation. See ¶58. The allegation is that "Nearly 1,000 credit reporting complaints have been made about NCS with the Consumer Financial Protection Bureau over the last 3 years. But NCS responds by claiming the response requires determination of the term "debt," despite nothing in the allegation uses such term.

### Paragraphs 78 & 79

8. Rather than answer whether NCS is (present tense) a specialized debt collection agency, NCS only tells us it **has collected** amounts owed to another. See ¶78.

---

[3] This form is the means by which credit reporting agencies primarily communicate with furnishers of credit information.

[4] Identification is important because there are thousands of other consumer reporting agencies.

9. Similarly, rather than address the allegation that NCS serves (present tense) the rental apartment industry, NCS responds that it **has worked** as a collection agency. See ¶79.

Paragraph 82

10. NCS again evades answering another allegation by qualifying its claimed ignorance on a matter ("renamed") having nothing to do with the allegation. See ¶ 82.

Paragraph 85

11. For certain violations, a plaintiff in a Fair Debt Collection Practices Act case must prove a defendant attempts to collect debt. See e.g. 15 U.S.C. § 1692f. NCS evades the crux of the allegation in ¶ 85 that credit reporting is "One of the ways NCS attempts to collect debt[.]"

12. Rule 8 provides general rules of pleading while Rule 12 permits striking of an insufficient defense or immaterial, impertinent matters.

13. NCS' refusal to comply with the rules prejudices Plaintiff. Evasion of material allegations serves to delay the case, broaden discovery and consequently, increase resources of the parties and the Court. In addition, if NCS refuses to comply with the rules at this stage, it will likely continue to do so throughout the case.

14. Given NCS' history in this case and the difficulty in obtaining basic information, Plaintiff declines to consent to leave to amend as she did previously.

15. Plaintiff requests that the challenged responses be stricken with prejudice. This will not prejudice NCS because all of the matters embraced by allegations are true.

WHEREFORE, Plaintiff requests that the challenged responses be stricken with prejudice for failure to comply with the rules and for all other just and proper relief.

Respectfully submitted,

/s/ Duran L. Keller
Duran L. Keller (#31743-79)
**KELLER LAW**
8 N. Third Street, Suite 403
Lafayette, Indiana 47901
Telephone: (765) 444-9202
Facsimile: (765) 807-3388
Email: duran@kellerlawllp.com
*Attorney for Erin Livesay*

**CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing was served upon all parties via CM/ECF.

| | |
|---|---|
| Date: Lafayette, Indiana<br>May 21, 2022 | /s/ Duran L. Keller<br>Duran L. Keller |

4