**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

ERIN LIVESAY,                              )
          Plaintiff,                    )
                          )
      v.                                   )      CAUSE NO.: 4:22-CV-19-TLS-JEM
                          )
NATIONAL CREDIT SYSTEMS, INC.,      )
          Defendant,                   )

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Strike Amended Answer [DE 21], filed by Plaintiff on May 21, 2022. Plaintiff requests that the Court strike portions of Defendant's amended answer with prejudice.

**I.     Standard of Review**

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored, but when striking portions of a pleading "remove[s] unnecessary clutter from the case," the motion may "serve to expedite, not delay." *Heller Fin. Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Affirmative defenses that "present substantial questions of law or fact" will not be stricken. *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975). Accordingly, motions to strike affirmative defenses "will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991). However, because affirmative defenses are pleadings, they must meet all pleading requirements of the Federal Rules of Civil Procedure, including "set[ting] forth a 'short and plain statement' of the defense." *Heller*, 883 F.2d at 1294 (quoting Fed. R. Civ. P. 8(a)). "[B]are bones conclusory allegations"

which "omit[] any short and plain statement of facts and fail[] totally to allege the necessary elements of the alleged claims" will not meet this standard and may be stricken. *Id.* at 1295. Ultimately, whether to strike material under Rule 12(f) is within the sound discretion of the court. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

## II.    Procedural Background

This Fair Credit Reporting action was removed from Tippecanoe Circuit Court by Defendant on March 7, 2022. Plaintiff's previous motion to strike the answer was granted in part on April 25, 2022, and Defendant was ordered to replead its answers to Paragraphs 78, 79, 85, 87, 96, 97, 98-102, 103, 105, and 110-115. Defendant filed its Amended Answer on May 20, 2022.On May 21, 2022, Plaintiff filed the instant Motion to Strike portions of Defendant's Amended Answer. Plaintiff challenges Paragraphs 7, and 11 for the first time, raises a different basis for striking paragraph 58, and seeks to have the replead paragraphs 78, 79, and 85 stricken.  Defendant filed its response on June 13, 2022, and Plaintiff filed her reply on June 20, 2022.

## III.    Analysis

Plaintiff's Complaint alleges damages caused by Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*. and the Fair Credit Reporting Act (FCRA), 15 U.S.C.§ 1681 *et seq*. In the instant Motion, Plaintiff argues that the Court should strike certain portions of Defendant's Amended Answer because various paragraphs are evasive or serve to delay. Federal Rule of Civil Procedure 8(b), provides that, in general, a party must either admit or deny all allegations asserted against it, and must fairly respond to the substance of the allegations. Fed. R. Civ. Pro. 8(b)(1)(B) and 8(b)(2). Plaintiff argues that Defendant's Amended Answer continues to offer evasive, vague, or impermissible qualified denials that do not comply with Rule 8. The Court considers each of the challenged paragraphs in turn.

2

*i. Paragraphs 7 and 11*

Plaintiff argues that Defendant's answers to Paragraphs 7 and 11 are evasive in that although the paragraphs at issue identify the Plaintiff as the party whose credit information was furnished and the credit bureaus from whom the notice of credit disputes were received, Defendants do not admit those two particular facts. Defendant argues that these two paragraphs were not challenged by Plaintiff originally, and the answers remain unchanged. Although Plaintiff should have challenged these answers in her first motion to strike, her arguments are well taken. Defendant should have responded fully to the allegations by admitting or denying whether the data was furnished about Plaintiff and whether the disputes were received from Transunion, Equifax, and Experian. Fed. R. Civ. P. 8(b). Because Defendant fails to deny that the data they furnished was about Plaintiff, or that the disputes were received from Transunion, Equifax, and Experian, that failure will be deemed an admission of those facts. Fed. R. Civ. P. 8(b)(6) ("An allegation--other than one relating to the amount of damages--is admitted if a responsive pleading is required and the allegation is not denied. If a responsive pleading is not required, an allegation is considered denied or avoided.").

*ii. Paragraph 58*

Plaintiff argues that Defendant's answer to Paragraph 58 is evasive because Defendant asserts that a response would require a determination of what the word "debt" means, when that word is not used in Paragraph 58. Paragraph 58 states: "Nearly 1,000 credit reporting complaints have been made about NCS with the Consumer Financial Protection Bureau over the last 3 years." Defendant's Answer to Paragraph 58 states:

> NCS is uncertain of any business method for which to determine this, as it requires a determination as to whether or not an account qualifies as a "debt". Therefore, NCS denies the remaining allegations in the paragraph for lack of knowledge or information

to form a belief as to the remaining allegations in this paragraph, except to deny that it violated the law or is liable to Plaintiff under any theory for any amount.

Defendant argues that because the issue in Paragraph 58 is how many credit reporting complaints have been made to the Consumer Financial Protection Bureau, determining "what qualifies as a 'debt' is necessary." However, the allegation does not distinguish between complaints to the Consumer Financial Protection Bureau that were related to a debt which was properly within that agency's purview and those which related to a debt that was not. Defendant's answer is completely unresponsive to Plaintiff's allegation. Defendant will be given another chance to properly respond to Plaintiff's paragraph 58, in compliance with Rule 8.

### iii.  Paragraphs 78 and 79

Plaintiff argues that Defendant's answers to Paragraphs 78 and 79 are evasive because the Complaint is phrased in the present tense but Defendant's admissions are in the past tense. "A party that intends in good faith to deny only part of an allegations must admit the part that is true and deny the rest." Fed. R. Civ. P. 8(b)(4). If Defendant intends to admit that it only served those roles in the past, but does not do so at present, it must clearly state that. Defendant will be given another opportunity to properly plead in response to Plaintiff's paragraph 78 and 79, in compliance with Rule 8.

### iv.  Paragraph 82

Plaintiff argues that Defendant's answer to Paragraph 82 is evasive because Defendant asserts that a response would require a determination of what the word "renaming" means, when that word is not used in Paragraph 82. Defendant concedes that its response is a clerical error and will be given another chance to properly respond to Plaintiff's paragraph 82, in compliance with Rule 8.

*v. Paragraph 85*

Plaintiff argues that Defendant's answer to Paragraph 85 is evasive but fails to set forth how. Defendant's answer admits portions of the allegations, and specifically identifies what it is admitting, and then denies the remaining allegations. The answer is responsive to the allegation, and in light of the lack of any substantive argument by Plaintiff as to how it is evasive, will not be stricken.

## IV.   CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS in part and DENIES in part** the Plaintiff's Motion to Strike Amended Answer [DE 21].

The Court **STRIKES** Defendant's Answer, paragraphs 58, 78, 79, and 82 as set forth herein, without prejudice, and with leave to replead.

The Court **DEEMS ADMITTED** the following factual allegations

1.    The factual allegation in Paragraph 7 that "NCS furnished information to CRAs regarding Erin Livesay."

2.    The factual allegation in Paragraph 11 that "NCS received an Automated Credit Dispute Verification (ACDV) from Equifax, Experian and Trans Union related to the Account."

The deadline for Defendant to file the Amended Answer is **July 21, 2022**.

SO ORDERED this 30th day of June, 2022.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All counsel of record

5