**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

| | | |
|---|---|---|
| ERIN LIVESAY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 4:22-CV-19-TLS-JEM |
| | ) | |
| NATIONAL CREDIT SYSTEMS, INC., | ) | |
| Defendant, | ) | |

**OPINION AND ORDER**

This matter is before the Court *sua sponte*. On June 20, 2022, each party filed its brief on the issue of jurisdiction [DE 30 and 31] and on June 27, 2022, each filed a response brief. Each party argues that Plaintiff's Complaint satisfies the requirements for Article III jurisdiction, at least facially, although Defendant argues that, following discovery, it may argue that factually, Article III jurisdiction is lacking.

Plaintiff's Complaint, originally filed in state court, alleges that Defendant disseminated false information to credit reporting agencies about a debt she supposedly owed. Defendant removed the case to this Court on the grounds that it includes a federal question under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA")

In order for the Court to have jurisdiction over this case, Plaintiff must show she suffered an injury in fact traceable to Defendant's conduct and redressable by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 578 U.S. 856, 136 S. Ct. 1540 (2016). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id*. at 1548 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992)).

Although many FCRA and FDCPA cases rise and fall on the failure to allege or prove an injury

1

in fact, each factor must be satisfied for a plaintiff to have standing. When a court is reviewing a case to determine whether there is subject matter jurisdiction, it must accept as true all material allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Lee v. Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).

Reputational harm has historically been recognized as an injury for which Article III standing lies, *see, e.g. Meese v. Keene*, 481 U.S. 465, 473 (1987)); however, the harm to one's reputation must be real, and not imagined or hypothetical. *Transunion, LLC v. Ramirez*, 141 S. Ct. 2190 (2021). A key element of a real harm is dissemination of the false information. *Id*. Plaintiff has alleged dissemination of purportedly false information about her credit.

For the foregoing reasons, the Court hereby **FINDS** that the pleadings to date satisfy the facial requirements for Article III jurisdiction.

SO ORDERED this 8th day of July, 2022.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record

2