UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| ERIN LIVESAY, <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL CREDIT SYSTEMS, INC., <br><br> Defendant. | CAUSE NO.: 4:22-CV-19-TLS-JEM |

**OPINION AND ORDER**

This matter is before the Court on the Plaintiff's Objection [ECF No. 55] to the Magistrate Judge's Opinion and Order [ECF No. 53] denying the Plaintiff's Motion to Compel Depositions [ECF No. 39], denying in part the Plaintiff's Motion to Compel Production of Documents [ECF No. 41], and denying in part the Plaintiff's Motion to Compel Interrogatory Responses and Overrule Objections [ECF No. 42]. For the reasons discussed below, the Court overrules two of the Plaintiff's objections, sustains one objection in part, and declines to rule on another objection, setting aside the Magistrate Judge's ruling in part and reinstating in part the Plaintiff's Motion to Compel Production of Documents.

**BACKGROUND**

The Plaintiff filed this matter in state court on January 1, 2022, alleging that the Defendant, National Credit Systems, Inc. (NCS), disseminated false and/or inaccurate information to credit reporting agencies (CRAs) about a debt and failed to comply with its statutory duties to investigate the three disputes the Plaintiff created that challenged the accuracy of that debt. Compl. ¶¶ 7, 9–42, ECF No. 5. As the Magistrate Judge noted in his Opinion and Order, the Plaintiff's Complaint predominantly cites the Fair Debt Collection Practices Act

(FDCPA), 15 U.S.C., § 1692 et seq., but the Complaint is not specific about any other bases for relief. The Defendant removed the case to federal court on March 8, 2022, on the grounds that it includes a federal question under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (FCRA). ECF No. 1. Some of the Plaintiff's filings indicate she is bringing claims under the FCRA. *See, e.g.*, Mot. 6, ECF No. 41.

On September 14, 2022, the Magistrate Judge entered an order denying the Plaintiff's Motion to Compel Depositions, denying in part the Plaintiff's Motion to Compel Production of Documents, and denying in part the Plaintiff's Motion to Compel Interrogatory Responses and Overrule Objections. ECF No. 53. The Plaintiff timely filed the instant Objection as to several of the Magistrate Judge's rulings. ECF No. 55. The Defendant filed a response opposing the Plaintiff's objections. ECF No. 56. The Plaintiff filed a reply [ECF No. 59], a supplemental brief [ECF No. 60], and a Motion for Leave to File Supplemental Brief [ECF No. 61]. This matter is fully briefed and ripe for ruling.

**LEGAL STANDARD**

"[A] district court's review of any discovery-related decisions made by the magistrate judge is governed by Rule 72(a) of the Federal Rules of Civil Procedure . . . ." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997). Pursuant to Rule 72(a), a party may file an objection to a magistrate judge's decision on a non-dispositive pretrial matter within fourteen days. Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks*, 126 F.3d at 943.

2

**ANALYSIS**

The Plaintiff contests the Magistrate Judge's decision on the Plaintiff's motion to compel the depositions of employees the Defendant contracted with to investigate the Plaintiff's credit dispute, ECF No. 39; motion to compel production of the contracts between the Defendant and Provana, the Indian company it contracted with to conduct credit dispute investigations, Produc. Req. 9, ECF No. 41-1, and of the subscriber agreements between the Defendant and the CRAs, Produc. Req. 12, ECF No. 41-1; and motion to compel production of the Defendant's financial information, Produc. Reqs. 15, 16, ECF No. 41-1. The Court addresses each of the Plaintiff's four timely objections in turn.

**A.    Depositions**

The first issue before this Court is whether the Magistrate Judge's decision to deny the Plaintiff's Motion to Compel Depositions [ECF No. 39] was clearly erroneous or contrary to law. To support her claims, the Plaintiff sent notice to the Defendant pursuant to Federal Rule of Civil Procedure 30(b)(1) that she intended to depose its "managing agents" who investigated her credit dispute, as well as their supervisors. ECF No. 39-1. At some point, while the Plaintiff's Motion to Compel was pending before the Magistrate Judge, or just before, the Defendant informed the Plaintiff the employees responsible for investigating the underlying credit dispute were two Indian nationals working in India for Provana. The Plaintiff argues that the Magistrate Judge erroneously employed the standard for Rule 30(b)(6) depositions even though the Plaintiff's stated basis in both the Notice and Motion to Compel was Rule 30(b)(1). *See* ECF Nos. 39, 39-1. The Defendant does not respond to the Plaintiff's argument; the Defendant instead asserts there is nothing to compel, as the Defendant had already put the Plaintiff in contact with Provana's American counsel who assured the Plaintiff that Provana was willing to voluntarily submit the

3

two employees to remote depositions. After the Plaintiff's Objection to the Magistrate Judge's decision was fully briefed, the Plaintiff submitted a supplemental brief [ECF No. 60] informing the Court that Provana's American counsel has since withdrawn the offer to submit the two Indian employees for deposition, as Provana's Indian counsel advised that voluntary depositions of Indian nationals cannot be done without the permission of the relevant Indian authorities. *See* ECF No. 60.

Though the Magistrate Judge did not discuss whether the Plaintiff could depose Provana's employees via Rule 30(b)(1), the Court cannot say it has "the definite and firm conviction that a mistake has been made," *Weeks*, 126 F.3d at 943, because the Plaintiff could not have deposed Provana's employees via notice to the Defendant under Rule 30(b)(1). "Under 30(b)(1), it is well recognized that 'if the corporation is a party, the notice compels it to produce any 'officer, director or managing agent' named in the deposition notice. It is not necessary to subpoena such individual.'" *Mapes v. Wellington Cap. Grp.*, No. 8:07-CV-77, 2008 WL 624471, at *3 (D. Neb. Mar. 4, 2008). However, a non-party may only be deposed via subpoena; notice is insufficient to compel a non-party's submission to a deposition. *See* 8A C. Wright, A. Miller, and Richard Marcus, Federal Practice & Procedure § 2107 (3d ed.) ("Rule 30(a) provides that the attendance of witnesses at the taking of a deposition may be compelled by subpoena as provided in Rule 45. Though Rule 30 does not say so expressly, a subpoena is not necessary if the person to be examined is a party or an officer, director, or managing agent of a party."). It is true the Plaintiff noticed the Defendant to produce its "managing agents" responsible for conducting those investigations, but the employees the Plaintiff ultimately seeks to depose are employees of Provana, not the Defendant. Citing numerous cases,[1] the Plaintiff asserts that the two Indian

---

[1] *Calderon v. Experian Info. Sols., Inc.*, 287 F.R.D. 629, 631 (D. Idaho 2012); *Inventus Power v. Shenzhen Ace Battery*, 339 F.R.D. 487, 507–08 (N.D. Ill. 2021); *Elasticsearch, Inc. v. Floragunn GmbH*,

nationals she seeks to depose are nonetheless the Defendant's "managing agents" pursuant to Rule 30(b)(1) and subject to the Defendant's "control," and, therefore, the Defendant is capable of and responsible for submitting them for depositions.

The Plaintiff's theory fails for two reasons. First, while it is true the "managing agents" *of a party* may be compelled to sit for a deposition after receiving notice pursuant to Rule 30(b)(1), the Plaintiff has failed to clear the initial hurdle of demonstrating that Provana is a party. Second, the Court finds that whether the Defendant exercises "control" over the Provana employees is inconsequential.

The Plaintiff's primary support for her theory comes from *Calderon v. Experian Information Solutions, Inc.*, 290 F.R.D. 508, 511 (D. Idaho 2013), in which a district court affirmed a magistrate judge's decision to compel the deposition of the Chilean employee of a Chilean non-party corporation affiliated with and sharing the same name as the defendant after the plaintiff noticed the defendant requesting the defendant submit the Chilean employee for the deposition.[2] In refusing to find the magistrate judge's discovery order clearly erroneous, the court noted "a wealth of evidence to suggest that the relationship between [the non-party affiliate] and [the corporate defendant] is such that [the affiliate's] employees were under [the defendant's] control." *Id.* at 513. This evidence included, but was not limited to the fact that

> both the [defendant's] dispute center located in Allen, Texas and the [affiliate's] dispute center located in Santiago, Chile are referred to as "National Consumer Assistance Center[s]." The two dispute centers have the same organizational structure, and a single [ ] employee [of the defendant] oversees the operations in

---

No. 19-CV-05553, 2021 WL 1753796, at *2 (N.D. Cal. May 4, 2021) (finding two free-lance programmers who had renewed their freelance employment and had "longstanding and ongoing contractual relationships" with the defendant were "managing agents" pursuant to Rule 30(b)(1)); *Botell v. United States*, No. 2:11-cv-1545, 2013 WL 360410, at *6 (E.D. Cal. Jan. 29, 2013); *Sugarhill Records Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 171 (S.D.N.Y. 1985).

[2] In actuality, the Plaintiff cites *Calderon v. Experian Information Solutions, Inc.*, 287 F.R.D. 629, 631 (D. Idaho 2012), the initial order and opinion issued by the magistrate judge. The Court instead analyzes the district court's opinion affirming the magistrate judge's discovery decision.

> Chile. [The defendant's] employees are responsible for training all dispute agents, regardless of whether they are located in Texas or Chile, and an identical training manual, created by [the defendant], is used to train employees in both locations. The policies and procedures employed in both dispute centers are identical, and were created by [the defendant]. The two dispute centers also share the same computer systems, and information flows interchangeably between the two systems. Further, the accounting operations of [the defendant] and [the affiliate] are shared jointly and are handled by another affiliated Experian entity.

*Id.* at 513–14 (internal citation omitted). Here, the Plaintiff has failed to provide any facts demonstrating the Defendant and Provana are similarly intertwined corporate affiliates that should be treated as the same entity for purposes of discovery.

Even if the Plaintiff could make such a showing, the Court still could not compel the Defendant to produce witnesses for deposition who were not its own employees after receiving notice pursuant to Rule 30(b)(1).[3] In *In re: Benicar (Olmesartan) Prods. Liability Litig*, No. 15-2606, 2016 WL 5817262, at *4 (D.N.J. Oct. 4, 2016), a magistrate judge refused to compel the depositions of non-party foreign witnesses who were employed by a non-party affiliate of the defendant after the plaintiff noticed the defendant for depositions via Rule 30(b)(1). The magistrate judge specifically declined to follow the "control" test used in *Calderon*, explaining that employing the "control test"

> *conflates the standard for when a corporate party must produce its affiliate's documents with the standard for which witnesses a corporate party must produce for deposition.* A party is required to produce documents within its "possession, custody, or control" even if the documents are possessed by a separate entity. *Haskins v. First American Title Ins. Co.*, C.A. No. 10-5044 (RMB/JS), 2012 WL 5183908, at *1 (D.N.J. Oct. 18, 2012). . . . However, pursuant to Fed. R. Civ. P. 30(b)(1) a corporation is only required to produce an officer, director, or managing agent for deposition. As well-stated in *Ethypharm S.A. France v. Abbott Labs.*, 271 F.R.D. 82, 90 (D. Del. 2010), "there is no textual basis in the federal rules for [the] argument that the 'control' test is applicable to the court's consideration regarding [the] request to depose individual witnesses pursuant to Fed. R. Civ. P. 30."

---

[3] Neither can the Plaintiff demonstrate the Provana employees are the "Defendant's 'managing agents' because they are not Defendant's employees. Nor, unlike *Calderon*, are they employees of Defendant's sister corporation. Instead, they are employees of a foreign entity who has a contractual relationship with Defendant." *Miller v. Equifax Info. Servs., LLC*, 508 F. Supp. 3d 1166, 1169 n.4 (N.D. Fla. 2020).

*Id.* at \*4 (alteration in original) (emphasis added). Because the Magistrate Judge could not have compelled the Defendant to submit the two Provana employees for depositions, the Court finds his decision was neither "clearly erroneous" nor "contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). The Court further denies the Plaintiff's Motion for Leave to File Supplemental Brief [ECF No. 61] as moot.

**B.  Outsourcing Contracts**

The Plaintiff next objects to the Magistrate Judge's ruling denying the Plaintiff's Motion to Compel as to the outsourcing contracts between the Defendant and Provana, Produc. Req. 9, ECF No. 41-1, arguing that the contracts will demonstrate whether the Defendant failed to follow its duty to ensure that her credit disputes were investigated. The Plaintiff asserts that the Magistrate Judge's ruling improperly considered only one of the Plaintiff's arguments, namely, that the contracts were essential discovery because they would have demonstrated "NCS's ability to obtain cooperation, documents and testimony from Provana in the event of litigation" and that "these documents were not only relevant, but core to the issue at hand, namely whether NCS, through its agent Provana, had mishandled [the Plaintiff's] dispute by failing to require its agents to follow sufficient procedures in resolving disputes on NCS's behalf." Obj. 2–3, ECF No. 55.

However, the Magistrate Judge ultimately did not rule on this issue because he considered it moot. He found that the Plaintiff wanted to discover the contracts because she believed she was entitled to them if she could not obtain the information they contained through depositions of the Provana employees. The Magistrate Judge explained that "a motion to compel the depositions of those employees is premature, and therefore the question of whether the contract requires cooperation is not yet at issue." Op. & Order 5, ECF No. 53. Because the Court finds the Magistrate Judge could not have issued an order compelling the Defendant to submit

the Provana employees for deposition, this issue is now ripe for determination. The Court, therefore, sets aside the Magistrate Judge's decision as to the ripeness of the Plaintiff's Production Request 9, and reinstates the Plaintiff's Motion to Compel Production of Documents [ECF No. 41] as to Production Request 9, so that the Magistrate Judge can review the request in the first instance.

**C.     Subscriber Agreements**

The Plaintiff also contests the Magistrate Judge's denial of her request to compel the production of subscriber agreements between the Defendant and the CRAs, Produc. Req. 12, ECF No. 41-1. The Plaintiff contends that the Magistrate Judge clearly erred in finding such agreements irrelevant and undiscoverable because the "agreements provide notice to the [sic] NCS of its statutory and contractual duties to provide accurate information and properly investigate consumer disputes." Obj. 3. The Plaintiff argues, "These agreements contain specific warranties that cause credit bureaus to rely on the data received and also [sic] as a basis for rejecting consumer disputes. The failure of the [sic] NCS to adhere to its own contractual obligation to provide only accurate data – and in fact its willful rejection of [the Plaintiff's] dispute in the face of a Court ruling – could be used to argue that NCS violated the standard of care, which is a question of fact." Obj. 6. As the Magistrate Judge found, "Defendant's obligations under the Fair Credit Reporting Act and/or the Fair Debt Collection Practices Act are a matter of statute, not of contract, and Plaintiff is suing for a breach of one or both of those Acts, not a breach of contract." Op. & Order 6. The Plaintiff has failed to demonstrate the relevance of the subscriber agreements, and they are not discoverable. Therefore, the Court overrules the objection as to the subscriber agreements in Production Request 12.

**D.     The Defendant's Financial Information**

The Plaintiff last argues that the Magistrate Judge clearly erred in finding the Plaintiff's request to compel the Defendant to produce financial records irrelevant and, therefore, undiscoverable when the Magistrate Judge reasoned that "[a] defendant's wealth is not a sufficient basis for awarding punitive damages." Op. & Order 7 (quoting *Mathias v. Accor Econ. Lodging, Inc.*, 347 F.3d 672, 677 (7th Cir. 2003)); *see* Produc. Reqs. 15, 16.

This quote from *Mathias* concerned whether there existed a sufficient basis for the *amount* of the punitive damages awarded by the jury in that case. *Mathias*, 347 F.3d at 677. The Seventh Circuit recognized that, while a defendant's wealth alone cannot sustain such an award, the defendant's wealth may be a factor to consider when determining whether a jury's award of punitive damages is excessive and violates the Due Process Clause. *Id. Mathias* is not dispositive here because it implicates a separate standard not yet in play in this case—whether admitted evidence of financial information supports the amount of the punitive damages award otherwise factually supported by the evidence.

Here, the Court considers whether such information is relevant and the discovery is proportional to the needs of the case; courts permit the parties to engage in liberal discovery. *See* Fed. R. Civ. P. 26(b)(1) (allowing a party to obtain information from a party to the litigation concerning "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," subject to several considerations). Of import here, courts in this circuit seemingly *have* found financial information minimally relevant and have permitted the discovery of financial information when punitive damages are at issue.[4] There is, however,

---

[4] *Breuder v. Bd. of Trs. of Cmty. Coll. Dist. No. 502*, No. 15 CV 9323, 2021 WL 229655, at *2 (N.D. Ill. Jan. 22, 2021) (citing *Lanigan v. Babusch*, No. 11 C 3266, 2011 WL 5118301, at *4 (N.D. Ill. Oct. 27, 2011)); *Phillips v. Dovenmuehle Mortg., Inc.*, No. 1:17-CV-08882, 2019 WL 13218379, at *2 (N.D. Ill. Feb. 14, 2019); *Challenge Aspen v. King World Prods. Corp.*, No. 00 C 6868, 2001 WL 1403001, at *4

9

one threshold requirement the Plaintiff must clear to discover financial information to advance a claim for punitive damages:

> [A plaintiff] cannot "merely rely on broad, conclusory allegations in the complaint." *Salstone v. Gen. Felt Indus.*, 1986 WL 13738, at *2 (N.D. Ill. Dec. 4, 1986); see *Chenoweth v. Schaaf*, 98 F.R.D. 587, 589 (W.D. Pa.1983) ("Merely claiming that the defendants' conduct was outrageous in terms that are conclusive in nature will not suffice. The complaint must allege a set of circumstances which will demonstrate to the Court at least a real possibility that punitive damages will be at issue.").

*Lanigan v. Babusch*, No. 11 C 3266, 2011 WL 5118301, at *4 (N.D. Ill. Oct. 27, 2011). It is not clear whether the Magistrate Judge implicitly found that the Defendant's conduct as pleaded in the Complaint could support an award of punitive damages.

When faced with a punitive damages claim that is too underdeveloped to justify compelling the defendant to produce financial information, some courts have delayed the discovery of financial information until it appears clear the defendant will be liable for punitive damages, such as after the plaintiff's claims survive motions to dismiss or for summary judgment. *Makowski v. SmithAmundsen LLC*, No. 08 C 6912, 2010 WL 3172476, at *3 (N.D. Ill. Aug. 11, 2010) (postponing discovery of certain revenue information until after summary judgment); *Phillips*, 2019 WL 13218379, at *2 (delaying the discovery of financial information until the plaintiff articulated a clearer link between the misconduct alleged and the defendant's net worth); *Challenge Aspen*, 2001 WL 1403001, at *4 ("[S]ince plaintiff's fraud claims-which are the basis for the punitive damages prayer-have survived a motion to dismiss, we see no good reason to deprive plaintiff of discovery into the liability and damages issues that flow from those claims."); *Lanigan*, 2011 WL 5118301, at *4.

---

(N.D. Ill. Nov. 9, 2001); *Salstone v. Gen. Felt Indus.*, No. 84 C 9976, 1986 WL 13738, at *2 (N.D. Ill. Dec. 4, 1986).

The Plaintiff alleges in the Complaint that the Defendant furnishes "tradeline" information to CRAs. Compl. ¶ 87. The Complaint also alleges the Defendant furnished the CRAs information regarding the Plaintiff. *Id.* at ¶ 7. The Plaintiff alleges the Defendant became aware of the initial information that the Plaintiff's debt was inaccurate when either one of the three CRAs or the Plaintiff herself notified the Defendant in April, July, and September of 2021 that the Plaintiff had disputed the debt. *Id.* at 2–4. The Plaintiff additionally alleges that, despite notification, the Defendant never investigated the dispute and, on one occasion, attempted to collect the debt. *Id.* In a later motion, the Plaintiff identified this as her theory supporting punitive damages. *See* Mem. 2, ECF No. 40 ("In response to a credit reporting dispute with a consumer reporting agency, the company furnishing credit information to the consumer reporting agency is required to conduct a reasonable investigation into the dispute. 15 U.S.C. § 1681s-2(b)(1). Plaintiff alleges the investigations were unreasonable, that the Defendant's conduct was knowing, willful and reckless, subjecting the Defendant to liability and punitive damages."). Missing from this theory of punitive damages are details showing the Defendant's conduct was willful and wanton, or at least reckless and unreasonable to the extent that they constituted grounds for punitive damages. However, though the alleged grounds for punitive damages are yet underdeveloped, discovery may fill in the needed details.

Last, the Defendant argues that the Plaintiff has so far claimed only a small amount of actual damages, rendering the Plaintiff's request for financial information disproportionate to the needs of this case and, therefore, not discoverable under Rule 26(b)(1). The Court finds this argument unavailing. A small amount of compensatory damages does not prevent a plaintiff from earning a jury's punitive damages award or from discovering a defendant's financial information that could later be used to demonstrate an award of punitive damages is not

excessive. *See Mathias*, 347 F.3d at 676–77 (finding an award of punitive damages based on a hotel chain's knowingly renting the plaintiff bedbug-infested rooms was not excessive despite the amount of compensatory damages awarded in part because the defendant's greater financial resources "may make it difficult for the plaintiffs to find a lawyer willing to handle their case, involving as it does only modest stakes, for the usual 33–40 percent contingent fee").

Accordingly, the Court modifies the Magistrate Judge's Opinion and Order to allow for the financial information requested in Production Requests 15 and 16 to be discoverable pending the Plaintiff's punitive damages claim's survival of summary judgment. *See Makowski*, 2010 WL 3172476, at *3.

## CONCLUSION

Based on the foregoing, the Court hereby OVERRULES in part, SUSTAINS in part, and DECLINES to rule in part on the Plaintiff's Objection [ECF No. 55] as follows:

- OVERRULES the Plaintiff's Objection to the Magistrate Judge's Opinion and Order [ECF No. 53] as to the Plaintiff's Motion to Compel Depositions and, as a result, DENIES as moot the Plaintiff's Motion to File Supplemental Brief [ECF No. 61];

- SETS ASIDE in part the Magistrate Judge's Opinion and Order [ECF No. 53] as to Production Request 9 and REINSTATES in part the Plaintiff's Motion to Compel Production of Documents [ECF No. 41] as to Production Request 9;

- OVERRULES the Plaintiff's Objection to the Magistrate Judge's Opinion and Order [ECF No. 53] as to Production Requestion 12; and

- SUSTAINS in part the Plaintiff's Objection to the Magistrate Judge's Opinion and Order [ECF No. 53] as to Production Requests 15 and 16, MODIFIES the Magistrate Judge's Opinion and Order [ECF No. 53] as to its rulings on Production Requests 15 and 16 to

allow for the discovery of the Defendant's financial information if the Plaintiff's punitive damages claim survives a motion for summary judgment, and, thus, DENIES without prejudice the Motion to Compel Production of Documents [ECF No. 41] as to Production Requests 15 and 16.

SO ORDERED on December 5, 2022.

                                         s/ Theresa L. Springmann
                                        JUDGE THERESA L. SPRINGMANN
                                        UNITED STATES DISTRICT COURT