UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| ERIN LIVESAY, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 4:22-CV-19-TLS-JEM |
| ) | |
| NATIONAL CREDIT SYSTEMS, INC., ) | |
| Defendant, ) | |

**OPINION AND ORDER**

This matter is before the Court on the Motion to Compel Production of Documents from National Credit Systems over Objections and For Granting of Costs and Fees under Rule 37 [DE 41], as to Production Request 9 as reinstated by Judge Springmann in her Order dated December 6, 2022 [DE 62].

**I.    Background**

On January 1, 2022, Plaintiff filed her complaint in state court, removed to this Court on March 8, 2022. Plaintiff alleges Defendant engaged in illegal collection activities and reported inaccurate credit information about Plaintiff. Although Plaintiff's Complaint is not specific about the particular act(s) pursuant to which she seeks relief, she characterizes the case as "an action based on allegedly illegal collection activity and inaccurate credit reporting."

The parties engaged in extensive motion practice over the adequacy of Defendant's Answer and Affirmative Defenses and Amended Answer, concluding in Orders striking portions of each on April 25, 2022, and June 30, 2022. On June 9, 2022, the Court set discovery deadlines at a pretrial conference, including a deadline of October 3, 2022, for fact discovery. Three motions to compel were filed approximately seven weeks later, on July 29, 2022. Defendant filed it responses on August 12, 2022, and Plaintiff filed her replies on August 19, 2022. On September 14, 2022, the Court denied one

1

motion to compel in its entirety (depositions) and granted in part the other two motions to compel (interrogatory answers and document production). Plaintiff then requested that the Article III Judge review this Court's order, which Judge Springmann did. On December 6, 2022, an order was issued reinstating a portion of one of the Motions as it relates to Production Request 9, since the factual basis supporting this Court's finding of mootness had changed.

**II.      Legal Standard**

Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. *See* Fed. R. Civ. P. 37(a). A party objecting to the discovery request bears the burden of showing why the request is improper. *McGrath v. Everest Nat. Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion when deciding discovery matters. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993).

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. Fed. R. Civ. P. 37(a). A party objecting to the discovery request bears the burden of showing why the request is improper. *See McGrath v. Everest Nat'l Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion when determining matters related to discovery. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014); *Rennie v. Dalton*, 3 F.3d 1100,

1110 (7th Cir. 1993).

**III.     Analysis**

Production Request 9 sought the outsourcing contracts between Defendant and the outside vendor it retained to handle disputes. Plaintiff argues that she is entitled to the outsourcing contract because she thinks it contains a cooperation provision, and asserts that, in light of Defendant's refusal to produce the third party's employees for deposition, she is entitled to it. Plaintiff also argues that the standards, payscale, and scope of the agreement is relevant to the dispute and should be provided. Defendant objected that the request was "beyond the scope of discovery in this case," irrelevant, disproportionate, and designed to harass and annoy. At the time of this Court's initial ruling, Defendant represented that its outside vendor was agreeing to produce its employees for depositions, and the Court found that that issue obviated the need to obtain the outsourcing contract to determine whether the vendor has agreed to cooperate in litigation, making the motion to compel premature. The parties now represent that the depositions of the employees of the outside vendor cannot be taken without permission from Indian authorities, as they are Indian nationals located in India. The motion is therefore no longer premature.

The Court also found that Plaintiff had not shown why the payscale of the individual employees of a third party would be either relevant to the dispute or within the control of Defendant or why the payscale of the third-party company retained to conduct the investigation is relevant. Plaintiff still has not done so. Plaintiff alleges that Defendant violates one or more federal statutes and has shown no connection between her purported claims and Defendant's contract with an outside provider, what that outside provider pays its staff, or how much it charges Defendant.  The Court sustains Defendant's objections to Production Request No.9, and it need not produce the outsourcing agreement.

## IV.     Conclusion

For the foregoing reasons, the Court hereby **DENIES** the Motion to Compel Production of Documents from National Credit Systems over Objections and For Granting of Costs and Fees under Rule 37 [DE 41] as reinstated by Judge Springmann.

Although attorney's fees may be awarded when a motion to compel is denied, the Court finds that in this case, the "circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B).

SO ORDERED this 15th day of December, 2022.

> s/ John E. Martin
> MAGISTRATE JUDGE JOHN E. MARTIN
> UNITED STATES DISTRICT COURT

cc:     All counsel of record